**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
                                 )
ELLYN J. BURNES,                 )
                                 )
        Petitioner,              )
                                 )   Civ. Action No. 10-1338 (EGS)
        v.                       )
                                 )
BARACK OBAMA, et al.,            )
                                 )
        Respondents.             )
                                 )
```

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of

petitioner's *pro se* petition for a writ of habeas corpus.

Petitioner Ellyn Burnes, a resident of Ohio, asserts that she is

"challenging a long term, non-custodial and non-criminal

executive detention."  Pet. for Writ of Habeas Corpus ("Pet.")

at 2.  While conceding that she is not incarcerated, petitioner

asserts that:

> [H]er home is occupied by high tech remote government
> surveillance and she is followed where ever she goes
> by high tech remote government surveillance which
> appears to be aerial and satellite surveillance. She
> is also followed and under physical surveillance by
> persons on the ground, on the street, in cars, and by
> shows of local police authority in drive-bys. On the
> ground surveillance also includes oppressive stalking
> and commentary by ordinary looking persons acting as
> government agents.  The detention of the petitioner is
> also facilitated by the public utilities in that she
> is often subjected to telephone harassment by phones
> ringing and anonymous hang-ups, and by electric light
> harassment in momentary brownouts in-doors and

> occasional street light outages as petitioner
> approaches and passes when out of doors.

Pet. at 5.  Petitioner also alleges that she is subject to
"involuntary servitude in mind reading and illegal human
experimentation under remote military surveillance." Br. in
Supp. of Granting Writ ("Pet'r's Br.") at 2.

The petition plainly fails to state a habeas claim because
Petitioner has not shown or even alleged that she is "in
custody."  On the contrary, petitioner states that she "is not
incarcerated and does not report to any legal authorities.  She
has freedom of movement." Pet. at 4-5.  However, courts may
only grant a writ of habeas corpus "'if a respondent who has
custody of the prisoner is within reach of the court's
process.'" *Strait v. Laird*, 406 U.S. 341, 345 n.2
(1972)(quoting *Ex parte Endo*, 323 U.S. 283, 307 (1944)); 28
U.S.C. § 2243 (1988).  Although the custody requirement may be
met where a petitioner is not imprisoned, petitioner must
nonetheless demonstrate significant restrictions placed on her
liberty.  *Hensley v. Municipal Court*, 411 U.S. 345, 349, 93 S.
Ct. 1571, 36 L. Ed. 2d 294 (1973).  "For example, a petitioner
who is on parole, probation, supervised release, or released on
bail is deemed to be 'in custody' for habeas purposes." *Banks v.
Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007)(citing *Preiser
v. Rodriguez*, 411 U.S. 475, 486 n.7 (1973) (release on bail or

own recognizance); *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (supervised release); *Hart v. Indiana*, 732 F.2d 95, 96 (7th Cir. 1984) (parole, probation, bail)).  Petitioner in the instant case has clearly failed to allege that significant restrictions of any sort have been placed on her liberty.  The Court, therefore, lacks jurisdiction over petitioner's purported petition for a writ of habeas corpus.

In addition to the request for habeas relief, the petition contains allegations of various constitutional violations. These include alleged violations of the Fourth, Fifth, Thirteenth and Fourteenth Amendments.  With respect to the Fourth Amendment, petitioner alleges that "her . . . rights are violated in the illegal search and seizure of her person which is manifest in the constant and continuous high tech surveillance of the petitioner's person including her mind, thinking content, thinking processes, and the torture of her person by military microwave weaponry."  Pet. at 7.  She asserts that she is "often stalked by aircraft, usually a small light unmarked plane, but larger planes and military planes, such as small fighter jets, and a stealth bomber have also followed her."  Pet. at 8.   Petitioner also makes allegations that she "has been subjected to a history of oppressive shows of authority from local police abusing state police power that goes back twenty four years."  Pet. at 12.

With resect to the Thirteenth Amendment, petitioner asserts that the "continuous reading of her mind constitutes involuntary servitude in violation of petitioner's Thirteenth Amendment rights." Pet. at 9.   Petitioner further asserts that "her unlawful detention has continued in violation of her due process rights guaranteed by the U.S. Constitution Fifth and Fourteenth Amendments." Pet. at 15.   Petitioner also claims that she has been the subject of "unlawful human experimentation" and "torture" such as "experimental phenomena in brain wave interference," "electronic assault of her thinking processes," "microwave torture," and "mental[] tortur[e] . . . using low decibel remote wireless technology." Pet. at 6-8; 19.   She also makes allegations that "at least one of the 9/11 terrorists, Muhammad Atta, pilot of the American Airlines Flight 11 that attacked the World Trade Center North Tower went out of his way to implicate the petitioner's identity in the 9/11 attacks. Petitioner believes that her identity was implicated in the attacks because government had leaked her identity deliberately to cause petitioner harm and because of the sexist and homophobic world view of the Islamic extremists who participated in the 9/11 attacks." Pet. at 15-16.

To the extent petitioner intended to include these and

other claims in her petition for habeas relief, these claims are properly dismissed as frivolous pursuant to Federal Rule of Civil Procedure 12(b)(1). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see also Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir 1994) ("[J]urisdiction is lacking when the complaint is 'patently insubstantial,' presenting no federal question suitable for decision."). A complaint is insubstantial if it asserts an "essentially fictitious" claim such as a "bizarre conspiracy theor[y]." *Best*, 39 F.3d at 330; *see also, e.g.*, *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (affirming dismissal of an action for lack of subject matter jurisdiction where defendant alleged that he was the victim of a massive scheme of government surveillance; concluding that the plaintiff's surveillance allegations were a "combination of sloth, fanaticism, inanity and technical genius . . . not realistically distinguishable from allegations of 'little green men' of the sort that Justice Souter recognized in *Iqbal* as properly dismissed on the pleadings" (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009)).

Accordingly, the petition for writ of habeas corpus is

**DENIED.** An appropriate Order accompanies this Memorandum

Opinion.

**SIGNED: Emmet G. Sullivan**
**United States District Court Judge**
**June 7, 2011**